1   Bevin Allen Pike (SBN 221936)
    Bevin.Pike@capstonelawyers.com
2   Daniel S. Jonathan (SBN 262209)
    Daniel.Jonathan@capstonelawyers.com
3   Trisha K. Monesi (SBN 303512)
    Trisha.Monesi@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:  (310) 556-4811
6   Facsimile:   (310) 943-0396

7   Attorneys for Plaintiff Kenneth Chiarito

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11   KENNETH CHIARITO,
     individually, and on behalf of other       Case No.: 2:22-cv-04662-GW (SKx)
12   members of the general public
     similarly situated, and as an              **FIRST AMENDED CLASS ACTION
13   aggrieved employee pursuant to the         COMPLAINT & ENFORCEMENT
     Private Attorneys General Act              ACTION UNDER THE PRIVATE
14   ("PAGA"),                                   ATTORNEYS GENERAL ACT,
                                                 CALIFORNIA LABOR CODE
15                Plaintiff,                     §§ 2698, *ET SEQ.***

16        vs.                                    (1) Violation of California Labor Code
                                                     §§ 510 and 1198 (Unpaid Overtime);
17   HOME DEPOT U.S.A., INC., a                  (2) Violation of California Labor Code
     Delaware corporation; and DOES 1               §§ 1182.12, 1194, 1197, 1197.1, and
18   through 10, inclusive,                          1198 (Unpaid Minimum Wages);
                                                 (3) Violation of California Labor Code
19                Defendants.                        §§ 226.7, 512(a), 516, and 1198
                                                     (Failure to Provide Meal Periods);
20                                               (4) Violation of California Labor Code
                                                     §§ 226.7, 516, and 1198 (Failure to
21                                                   Authorize and Permit Rest Periods);
                                                 (5) Violation of California Labor Code
22                                                   §§ 226(a), 1174(d), and 1198 (Non-
                                                     Compliant Wage Statements and
23                                                   Failure to Maintain Payroll Records);
                                                 (6) Violation of California Labor Code
24                                                   § 204 (Failure to Timely Pay Wages
                                                     During Employment);
25                                               (7) Violation of California Labor Code
                                                     § 2802 (Unreimbursed Business
26                                                   Expenses);
                                                 (8) Civil Penalties for Violations of
27                                                   California Labor Code, Pursuant to
                                                     PAGA, §§ 2698, *et seq.*;
28                                               (9) Violation of California Business &
                                                     Professions Code §§ 17200, *et seq.*

(Unlawful Business Practices); and
(10)   Violation of California Business
& Professions Code §§ 17200, *et
seq.* (Unfair Business Practices).

**Jury Trial Demanded**

Plaintiff Kenneth Chiarito, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all other aggrieved employees, alleges as follows:

### JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure section 382 and California Labor Code sections 2698, *et seq.* ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint. The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.  Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2.    This Court has jurisdiction over Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.    Venue is proper in this Court, because Defendants employ persons within the County of Santa Clara, and have violated the requirements of the California Labor Code and applicable Wage Order in this county which give rise

to the penalties sought in this action.  Cal. Code. Civ. P. § 393.  Specifically, Defendants have violated the requirements of the California Labor Code and applicable Wage Order in at least 12 locations within the County of Santa Clara, including Defendants' stores in Santa Clara (2435 Lafayette Street, Santa Clara, California 95050); Sunnyvale (680 Kifer Road, Sunnyvale, California 94086); Campbell (480 E. Hamilton Avenue, Campbell, California 95008); Milpitas (1177 Great Mall Drive, Milpitas, California 95035); San Jose (975 De Anza Boulevard, San Jose, California 95129; 2181 Monterey Highway, San Jose, California 95125; 1855 Hillsdale Avenue, San Jose, California 95124; 2855 Story Road, San Jose, California 95127; 635 W. Capitol Expressway, San Jose, California 95136; and 920 Blossom Hill Road, San Jose, California 95123); Morgan Hill (860 E. Dunne Avenue, Morgan Hill, California 95037); and Gilroy (8850 San Ysidro Avenue, Gilroy, California 95020).  Pursuant to California Civil Code of Procedure section 393, venue is proper for the recovery of a penalty or forfeiture imposed by statute in the county in which the cause, or some part of the cause, arose.  Because Defendants have employees in Santa Clara County and Plaintiff could bring this action to recover penalties in Santa Clara County, venue is proper.

**THE PARTIES**

4.     Plaintiff Kenneth Chiarito has worked for Defendants as an hourly paid, non-exempt Sales Associate since approximately April 2013.  Plaintiff works for Defendants at a Home Depot retail store in Canoga Park, California.  Plaintiff typically works eight (8) hours or more per day, five (5) days per week, and approximately 40 hours or more per week.  Plaintiff's primary job duties include, without limitation, opening and maintaining the electrical department, interacting with customers, and providing customer service.

5.     HOME DEPOT U.S.A., INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or

the various states of the United States of America.

6.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

7.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of HOME DEPOT U.S.A., INC. at all relevant times.

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, HOME DEPOT U.S.A., INC. and/or DOES 1 through 10 (collectively, "Defendants" or "HOME DEPOT"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

11.    Defendants own and operate home improvement retail stores and distribution centers nationwide, with approximately 232 retail stores and at least six (6) distribution centers in California.  Upon information and belief, Defendants

maintain a single, centralized Human Resources ("HR") department at their company headquarters in Atlanta, Georgia, for all non-exempt, hourly paid employees working for Defendants in California, including Plaintiff and class members.   At all relevant times, Defendants issued and maintained uniform practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and class members, regardless of their location or position, including policies and procedures adopted in response to the recent pandemic.

12.    Throughout California, a number of businesses have adopted safety measures to prevent the spread of the coronavirus (SARS-CoV-2), the virus that causes COVID-19.  As a retailer that has remained open to the public throughout the COVID-19 pandemic, Defendants are a retail establishment that has exposed and continues to expose their workers to significant public interaction.

13.    During the relevant time period, Defendants have implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members perform self-health screenings before entering Defendants' stores and distribution centers to start their shifts.  Defendants issued disposable plastic thermometers to Plaintiff and class members and instructed them to perform self-temperature checks before their scheduled shifts, as well as to complete online health screening questionnaires.  Defendants also required Plaintiff and class members to wait in line and have their temperatures taken upon arriving at work, prior to being permitted to clock-in.

14.    Defendants have failed to properly compensate their employees for completing the mandatory health screenings.  This failure of proper compensation includes, but is not limited to, a failure to pay regular wages, a failure to consider the time spent on health screenings when calculating overtime pay for Defendants' employees or when determining when employees were eligible for meal and rest periods or meal and rest period premiums, and a failure to reimburse employees for the costs of completing the health screenings, including the use of employees'

FIRST AMENDED CLASS ACTION COMPLAINT

1    personal devices and internet access plans.

2        15.    This action is limited to the California Labor Code and Business and

3    Professions Code violations caused by Defendants' COVID-19 health screening

4    policies, practices, and procedures.  This action does not seek redress for any

5    allegedly unlawful policies, practices, or procedures separate and distinct from the

6    COVID-19 health screening policies, practices, and procedures that may have

7    caused Labor Code or Business and Professions Code violations.

8        16.    Additionally, upon information and belief, Defendants maintain a

9    centralized Payroll department at their company headquarters in Atlanta, Georgia,

10   which processes payroll for all non-exempt, hourly paid employees working for

11   Defendants at their various locations and jobsites in California, including Plaintiff

12   and class members.  Based upon information and belief, Defendants issue the same

13   formatted wage statements to all non-exempt, hourly paid employees in California,

14   irrespective of their work locations.

15       17.    Defendants continue to employ non-exempt or hourly paid employees

16   in California.

17       18.    Plaintiff is informed and believes, and thereon alleges, that at all times

18   herein mentioned, Defendants were advised by skilled lawyers and other

19   professionals, employees and advisors knowledgeable about California labor and

20   wage law, employment and personnel practices, and about the requirements of

21   California law.

22       19.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff

23   and class members were not paid for all hours worked because all hours worked

24   were not recorded.

25       20.    Plaintiff is informed and believes, and thereon alleges, that

26   Defendants knew or should have known that Plaintiff and class members were

27   entitled to receive certain wages for overtime compensation and that they were not

28   receiving certain wages for overtime compensation.

21.    Plaintiff is informed and believes, and thereon alleges, that
Defendants knew or should have known that Plaintiff and class members were
entitled to receive at least minimum wages for compensation and that they were
not receiving at least minimum wages for work that was required to be done off-
the-clock.  In violation of the California Labor Code, Plaintiff and class members
were not paid at least minimum wages for work done off-the-clock.

22.    Plaintiff is informed and believes, and thereon alleges, that
Defendants knew or should have known that Plaintiff and class members were
entitled to meal periods in accordance with the California Labor Code and
applicable IWC Wage Order or payment of one (1) additional hour of pay at their
regular rates of pay when they were not provided with timely, uninterrupted, thirty
(30) minute meal periods and that Plaintiff and class members were not provided
with all meal periods or payment of one (1) additional hour of pay at their regular
rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute
meal period.

23.    Plaintiff is informed and believes, and thereon alleges, that
Defendants knew or should have known that Plaintiff and class members were
entitled to rest periods in accordance with the California Labor Code and
applicable IWC Wage Order or payment of one (1) additional hour of pay at their
regular rates of pay when they were not authorized and permitted to take a
compliant rest period.  In violation of the California Labor Code, Plaintiff and
class members were not authorized and permitted to take compliant rest periods,
nor did Defendants provide Plaintiff and class members with payment of one (1)
additional hour of pay at their regular rates of pay when they were not authorized
and permitted to take a compliant rest period.

24.    Plaintiff is informed and believes, and thereon alleges, that
Defendants knew or should have known that Plaintiff and class members were
entitled to receive complete and accurate wage statements in accordance with

California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and/or class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, that Defendants knew or should have known that they had a duty to cover the costs and expenses Plaintiff and class members incurred obtaining mandatory medical or physical examinations, but failed to do so.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs

1    incurred.

2        30.    Plaintiff is informed and believes, and thereon alleges, that at all times

3    herein mentioned, Defendants knew or should have known that they had a duty to

4    compensate Plaintiff and class members for all hours worked, and that Defendants

5    had the financial ability to pay such compensation, but willfully, knowingly, and

6    intentionally failed to do so, and falsely represented to Plaintiff and class members

7    that they were properly denied wages, all in order to increase Defendants' profits.

8                        **PAGA REPRESENTATIVE ALLEGATIONS**

9        31.    At all times herein set forth, PAGA provides that any provision of law

10    under the Labor Code and applicable IWC Wage Order that provides for a civil

11    penalty to be assessed and collected by the LWDA for violations of the California

12    Labor Code and applicable IWC Wage Order may, as an alternative, be recovered

13    by aggrieved employees in a civil action brought on behalf of themselves and other

14    current or former employees pursuant to procedures outlined in California Labor

15    Code section 2699.3.

16        32.    PAGA defines an "aggrieved employee" in Labor Code section

17    2699(c) as "any person who was employed by the alleged violator and against

18    whom one or more of the alleged violations was committed."

19        33.    Plaintiff and other current and former employees of Defendants are

20    "aggrieved employees" as defined by Labor Code section 2699(c) in that they are

21    all Defendants' current or former employees and one or more of the alleged

22    violations were committed against them.

23        34.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

24    aggrieved employee, including Plaintiff, may pursue a civil action arising under

25    PAGA after the following requirements have been met:

26                (a)    The aggrieved employee or representative shall give written

27                        notice by online filing with the LWDA and by certified mail to

28                        the employer of the specific provisions of the California Labor

Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(a) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c) The LWDA shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation ("LWDA Notice") within sixty (60) calendar days of the postmark date of the aggrieved employee's notice. Upon receipt of the LWDA Notice, or if no LWDA Notice is provided within sixty-five (65) calendar days of the postmark date of the aggrieved employee's notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties.

35. Pursuant to California Labor Code sections 2699.3(c), aggrieved employees, through Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in Section 2699.5 after the following requirements have been met:

(a) The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated (other than those listed in Section 2699.5), including the facts and theories to support the alleged violation.

(b) An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(c) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

FIRST AMENDED CLASS ACTION COMPLAINT

(c)    The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the notice sent by the aggrieved employee or representative.  The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the LWDA if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence.  If the alleged violation is not cured within the 33-day period, the aggrieved employee may commence a civil action pursuant to Section 2699.

36.    On November 24, 2021, Plaintiff provided written notice by online filing to the LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code sections 2699.3.  Plaintiff's written notice was accompanied with the applicable filing fee of seventy-five ($75).  The LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned Plaintiff PAGA Case Number LWDA-CM-854460-21.  A true and correct copy of Plaintiff's written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

37.    As of the filing date of this complaint, over 65 days have passed since Plaintiff sent his notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations.

38.    Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202, 204, 222.5, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1,

1198, and 2802.

39.    Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid. . . .   (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid. . . ." Labor Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

40.    Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

41.    As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order.

42.    Pursuant to PAGA, and in particular, California Labor Code sections 2699(a), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for himself, all other aggrieved employees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 204, 222.5, 226(a), 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

**CLASS ACTION ALLEGATIONS**

43.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification

under California Code of Civil Procedure section 382.

44.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

45.    Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants at a retail store location or distribution center as non-exempt, hourly paid employees in California, and who have been required to perform self-health screenings subject to Defendants' COVID-19 health screening policies, practices, and procedures, at any time from March 1, 2020, until the date of trial ("Class").

46.    Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants at a retail store location or distribution center as non-exempt, hourly paid employees in California, and who have been subject to Defendants' COVID-19 health screening policies, practices, and procedures, and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

47.    Members of the Class and Subclass are referred to herein as "class members."

48.    Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

49.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

> (a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

> (b)    Whether Defendants failed to pay Plaintiff and class members

1    at least minimum wages for all hours worked;

2    (c)    Whether Defendants failed to provide Plaintiff and class
3        members with meal periods;

4    (d)    Whether Defendants failed to authorize and permit Plaintiff
5        and class members to take rest periods;

6    (e)    Whether Defendants provided Plaintiff and class members with
7        complete and accurate wage statements as required by
8        California Labor Code section 226(a);

9    (f)    Whether Defendants maintained accurate payroll records as
10        required by California Labor Code section 1174(d);

11    (g)    Whether Defendants failed to pay earned overtime wages,
12        minimum wages, and/or meal and rest period premiums due to
13        Plaintiff and/or class members upon their discharge;

14    (h)    Whether Defendants failed timely to pay overtime wages,
15        minimum wages, and/or meal and rest period premiums due to
16        Plaintiff and class members during their employment;

17    (i)    Whether Defendants failed to pay Plaintiff and class members
18        for the costs of mandatory medical or physical examinations;

19    (j)    Whether Defendants failed to reimburse Plaintiff and class
20        members for necessary and required business-related
21        expenditures and/or losses incurred by them in the scope of
22        their employment;

23    (k)    Whether Defendants engaged in unlawful business practices in
24        violation of California Business & Professions Code sections
25        17200, *et seq.*; and

26    (l)    The appropriate amount of damages, restitution, or monetary
27        penalties resulting from Defendants' violations of California
28        law.

50.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)    <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.   The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)    <u>Typicality</u>:   Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)    <u>Adequacy</u>:   Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.   Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.   Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>:  The nature of this action makes the use of class

action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)   Public Policy Considerations:   Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

51.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

53.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at

a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

55.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

56.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

57.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

58.    During the relevant time period, Defendants have implemented, on a

company-wide basis, an employer-imposed requirement that Plaintiff and class members perform self-health screenings before entering Defendants' stores and distribution centers to start their shifts. As stated, Defendants have issued disposable plastic thermometers to Plaintiff and class members and instructed them to perform self-temperature checks before their scheduled shifts, as well as complete online health screening questionnaires. Defendants also have required Plaintiff and class members to wait in line and have their temperatures taken upon arriving at work, prior to being permitted to clock-in.

59.   Plaintiff and class members are following Defendants' instructions and completing the required self-health screenings before being permitted to clock in for their shifts. Even though Defendants are requiring mandatory self-health screenings, Defendants have not provided Plaintiff and class members a mechanism to include this time worked on their time records. To the extent that Defendants credited Plaintiff and class members for time spent performing the health screenings, the amount credited was insufficient to cover the full time spent by Plaintiff and class members on the screenings. Thus, Defendants have suffered and/or permitted Plaintiff and class members to perform work for which they are not paid.

60.   Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock before their shifts, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and class members work shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualifies for overtime premium pay. Therefore, Plaintiff and class members have not been paid overtime wages for all of the overtime hours they actually worked.

61.   Furthermore, to the extent Defendants have compensated Plaintiff and class members for any portion of the time spent completing these health

screenings, Defendants have failed to pay overtime premium pay when the additional health screening time would trigger overtime compensation. For instance, when employees worked an eight-hour shift, Defendants occasionally credited them for an additional four (4) minutes of health screening time, but only paid the employees at their regular rate of pay for this time instead of at one and one-half (1 ½) times the regular rate of pay required for overtime premium pay.

62.    Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages

## (Against all Defendants)

63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

65.    Defendants have impeded Plaintiff and class members from recording hours worked that are outside of their scheduled shifts. During the relevant time period, Defendants have implemented, on a company-wide basis, an employer-

imposed requirement that Plaintiff and class members perform self-health screenings before entering Defendants' stores and distribution centers to start their shifts. As stated, Defendants issued disposable plastic thermometers to Plaintiff and class members and instructed them to perform self-temperature checks before their scheduled shifts, as well as complete online health screening questionnaires. Defendants also have required Plaintiff and class members to wait in line and have their temperatures taken upon arriving at work, prior to being permitted to clock-in.

66. Plaintiff and class members are following Defendants' instructions and completing the required self-health screenings before being permitted to clock in for their shifts. Even though Defendants are requiring mandatory self-health screenings, Defendants have not provided Plaintiff and class members a mechanism to include this time worked on their time records. To the extent that Defendants credited Plaintiff and class members for time spent performing the health screenings, the amount credited was insufficient to cover the full time spent by Plaintiff and class members on the screenings. Thus, Defendants have suffered and/or permitted Plaintiff and class members to perform work for which they are not paid.

67. Accordingly, Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

68. Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

69.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

70.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

71.     At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

72.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.     As stated, Defendants have implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members perform self-health screenings before entering Defendants' stores and distribution centers to start their shifts.  Defendants have issued disposable plastic thermometers to

Plaintiff and class members and instructed them to perform self-temperature checks before their scheduled shifts, as well as complete online health screening questionnaires.  Defendants also have required Plaintiff and class members to wait in line and have their temperatures taken upon arriving at work, prior to being permitted to clock-in.

74.    This health screening time was not considered by Defendants when determining whether to provide meal periods to Plaintiff and class members or determining when to pay meal period premiums.  For instance, employees who worked a five-hour shift were entitled to meal periods when the additional health screening time is considered; however, Defendants have failed to provide Plaintiff and class members meal periods in these circumstances or pay Plaintiff and class members meal period premiums owed when timely, compliant meal periods were not provided.

75.    At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were not provided required meal periods or paid meal period premiums.

76.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

78.    At all relevant times herein set forth, the applicable IWC Wage Order

1    and California Labor Code sections 226.7, 516, and 1198 were applicable to

2    Plaintiff's and class members' employment by Defendants.

3        79.    At all relevant times, the applicable IWC Wage Order provides that

4    "[e]very employer shall authorize and permit all employees to take rest periods,

5    which insofar as practicable shall be in the middle of each work period" and that

6    the "rest period time shall be based on the total hours worked daily at the rate of

7    ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless

8    the total daily work time is less than three and one-half (3 ½) hours.

9        80.    At all relevant times, California Labor Code section 226.7 provides

10   that no employer shall require an employee to work during any rest period

11   mandated by an applicable order of the California IWC.  To comply with its

12   obligation to authorize and permit rest periods under California Labor Code

13   section 226.7 and the applicable IWC Wage Order, an employer must "relinquish

14   any control over how employees spend their break time, and relieve their

15   employees of all duties—including the obligation that an employee remain on call.

16   A rest period, in short, must be a period of rest." *Augustus v. ABM Security

17   Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC

18   Wage Order and California Labor Code section 226.7(c), Plaintiff and class

19   members are entitled to recover from Defendants one (1) additional hour of pay at

20   their regular rates of pay for each work day that a required rest period was not

21   authorized and permitted.

22       81.    As stated, Defendants have implemented, on a company-wide basis,

23   an employer-imposed requirement that Plaintiff and class members perform self-

24   health screenings before entering Defendants' stores and distribution centers to

25   start their shifts.  Defendants have issued disposable plastic thermometers to

26   Plaintiff and class members and instructed them to perform self-temperature

27   checks before their scheduled shifts, as well as complete online health screening

28   questionnaires.  Defendants also have required Plaintiff and class members to wait

in line and have their temperatures taken upon arriving at work, prior to being permitted to clock-in.

82.    This health screening time was not considered by Defendants when determining when to authorize and permit Plaintiff and class members to take rest periods or when determining when to pay rest period premiums.  For instance, employees who worked a 3.5-hour shift were entitled to a rest period when the additional health screening time is considered; however, Defendants have failed to authorize and permit Plaintiff and class members to take rest periods in these circumstances or pay Plaintiff and class members rest period premiums owed when compliant rest periods were not authorized or permitted.

83.    At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were not authorized and permitted to take required rest periods or paid rest period premiums.

84.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

85.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

86.    At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an

accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

87.    At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements.  For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

88.    Because Defendants did not record the time Plaintiff and Subclass members spent working off the clock, Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with section 226(a)(1) and 226(a)(5).  For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and corresponding accurate number of work hours worked at each hourly rate in violation of section 226(a)(9).

89.    The wage statement deficiencies also include, without limitation, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer;

1  and/or failing to state all hours worked as a result of not recording or stating hours
2  worked off-the-clock.

3        90.    California Labor Code section 1174(d) provides that "[e]very person
4  employing labor in this state shall … [k]eep a record showing the names and
5  addresses of all employees employed and the ages of all minors" and "[k]eep, at a
6  central location in the state or at the plants or establishments at which employees
7  are employed, payroll records showing the hours worked daily by and the wages
8  paid to, and the number of piece-rate units earned by and any applicable piece rate
9  paid to, employees employed at the respective plants or establishments . . . ."  At
10  all relevant times, and in violation of Labor Code section 1174(d), Defendants
11  willfully failed to maintain accurate payroll records for Plaintiff and Subclass
12  members showing the daily hours they worked and the wages paid thereto as a
13  result of failing to record the off-the-clock hours that they worked.

14        91.    California Labor Code section 1198 provides that the maximum hours
15  of work and the standard conditions of labor shall be those fixed by the Labor
16  Commissioner and as set forth in the applicable IWC Wage Order.  Section 1198
17  further provides that "[t]he employment of any employees for longer hours than
18  those fixed by the order or under conditions of labor prohibited by the order is
19  unlawful."  Pursuant to the applicable IWC Wage Order, employers are required
20  to keep accurate time records showing when the employee begins and ends each
21  work period and meal period.  During the relevant time period, Defendants failed,
22  on a company-wide basis, to keep accurate records of work period and meal period
23  start and stop times for Plaintiff and Subclass members, in violation of section
24  1198.

25        92.    Plaintiff and Subclass members are entitled to recover from
26  Defendants the greater of their actual damages caused by Defendants' failure to
27  comply with California Labor Code section 226(a), or an aggregate penalty not
28  exceeding four thousand dollars ($4,000) per employee.

### SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment

### (Against all Defendants)

93.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

94.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

95.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

96.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

97.    During the relevant time period, Defendants willfully failed to timely pay Plaintiff and class members all wages due including, but not limited to, the overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California Labor Code section 204.  Defendants

partially compensated Plaintiff and class members for performing health screenings.  However, some of this compensation was paid subsequent to the deadlines mandated by Labor Code section 204 and thus was not timely.  For example, Plaintiff is informed and believes that Defendants made a series of back payments in August 2020 for health screenings performed as far back as March 2020.

98.    Defendants' untimely payment of wages due violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

**(Against all Defendants)**

99.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

100.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

101.   During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal cellular phones, mobile data, internet-accessing devices, and/or internet service providers to carry out their job duties, but failed to reimburse them for the costs of their work-related cellular phone or internet-accessing expenses.  As stated, Plaintiff and class members were required to complete online health questionnaires prior to arriving at Defendants' stores and distribution centers to start their shifts. Although Defendants required Plaintiff and class members to utilize their personal cellular phones, internet-accessing devices, and/or related service plans to carry out their work-related responsibilities, Defendants failed to fully reimburse them for this cost.

102.   Defendants could have provided Plaintiff and class members with the actual tools for use on the job, such as company phones and other internet-accessing devices, or, Defendants could have fully reimbursed employees for their expenses.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.

103.   Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members for necessary business-related expenses and costs.

104.   Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**EIGHTH CAUSE OF ACTION**

**For Civil Penalties Pursuant to California Labor Code §§ 2698, *et seq.***

**(Against all Defendants)**

105.   Plaintiff incorporates by reference and re-alleges as if fully stated

herein each and every allegation set forth above.

106.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.    Section 2699.5 enumerates Labor Code sections 201, 202, 204, 222.5, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802.    Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 516 and 1182.12.

107.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)    Violation of Labor Code sections 510, 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

(b)    Violation of Labor Code sections 1182.12. 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with at least minimum wages for all hours worked, as alleged herein;

(c)    Violation of Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order for Defendants failure to provide Plaintiff and other aggrieved employees with meal periods, as alleged herein;

(d)    Violation of Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order for Defendants failure to authorize and permit Plaintiff and other aggrieved employees to take rest periods, as alleged herein;

(e)    Violation of Labor Code sections 226(a) and 1198, and the applicable IWC Wage Order for failure to provide accurate and complete wage statements to Plaintiff and other aggrieved employees, as alleged herein;

(f)    Violation of Labor Code sections 1174(d) and 1198, and the applicable IWC Wage Order for failure to maintain payroll records as alleged herein;

(g)    Violation of Labor Code sections 201 and 202 for failure to pay all earned wages upon termination, as set forth below;

(h)    Violation of Labor Code section 204 for failure to timely pay all earned wages during employment, as alleged herein;

(i)    Violation of Labor Code Section 222.5 for Defendants' failure to pay Plaintiff and other aggrieved employees for the costs of mandatory medical or physical examinations, as set forth below; and

(j)    Violation of Labor Code section 2802 for failure to reimburse Plaintiff and other aggrieved employees for all business expenses necessarily incurred, as alleged herein.

108.   At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

109.   Defendants willfully failed to pay other aggrieved employees who are no longer employed by Defendants the earned and unpaid wages set forth above,

including but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

110.  Defendants' failure to pay those aggrieved employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 256 and/or 2699(a), (f), and (g).

111.  At all relevant times herein, California Labor Code section 222.5 requires employers to pay for the costs an employee incurs for obtaining any medical or physical examination taken.

112.  During the relevant time period, Defendants have implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and other aggrieved employees perform self-health screenings before entering Defendants' stores and distributions centers to start their shifts.  As stated, Defendants issued disposable plastic thermometers to Plaintiff and other aggrieved employees and instructed them to perform self-temperature checks before their scheduled shifts as well as complete online health screening questionnaires.  Plaintiff and other aggrieved employees have followed Defendants' instructions and completed the required self-health screenings using their personal cellular phones, internet-accessing devices, and/or related service plans before being permitted to clock in for their shifts.  Even though Defendants are requiring mandatory self-health screenings, Defendants are not compensating Plaintiff and other aggrieved employees for the time they spend undergoing the mandatory self-health screenings or reimbursing Plaintiff and other aggrieved employees for all expenses incurred to complete online health screening questionnaires.

///

FIRST AMENDED CLASS ACTION COMPLAINT

113.   Defendants' policy and/or practice of not paying for all costs Plaintiff and other aggrieved employees incurred complying with their mandatory health screening policy violates California Labor Code section 222.5.  Plaintiff and other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

## NINTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

114.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

115.   Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

116.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

118.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)    Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying

them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(b)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c)     Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)     Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)     Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(f)     Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

(g)     Failing to pay Plaintiff and class members the costs of mandatory medical or physical examinations in violation of California Labor Code section 222.5, as set forth below; and

(h)     Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of

1    California Labor Code sections 2802, as alleged herein.

2    119.   At all relevant times herein, California Labor Code section 222.5

3    requires employers to pay for the costs an employee incurs for obtaining any

4    medical or physical examination taken.

5    120.   During the relevant time period, Defendants have implemented, on a

6    company-wide basis, an employer-imposed requirement that Plaintiff and class

7    members perform self-health screenings before entering Defendants' stores and

8    distribution centers to start their shifts.  As stated, Defendants issued disposable

9    plastic thermometers to Plaintiff and class members and instructed them to

10   perform self-temperature checks before their scheduled shifts as well as complete

11   online health screening questionnaires.  Plaintiff and class members are following

12   Defendants' instructions and completing the required self-health screenings using

13   their personal cellular phones, internet-accessing devices, and/or related service

14   plans before being permitted to clock in for their shifts.  Even though Defendants

15   are requiring mandatory self-health screenings, Defendants are not compensating

16   Plaintiff and class members for the time they spend undergoing the mandatory

17   self-health screenings or reimbursing Plaintiff and class members for all expenses

18   incurred to complete online health screening questionnaires.

19   121.   Defendants' policy and/or practice of not paying for all costs Plaintiff

20   and class members incurred complying with their mandatory health screening

21   policy violates California Labor Code section 222.5.

22   122.   As a result of the violations of California law herein described,

23   Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff

24   and class members have suffered pecuniary loss by Defendants' unlawful business

25   acts and practices alleged herein.

26   123.   Plaintiff lacks an adequate remedy at law for the violations of

27   California law herein described.

28   124.   Pursuant to California Business & Professions Code sections 17200,

*et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq*. –**

**Unfair Business Practices**

**(Against all Defendants)**

125.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

126.   Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

127.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128.   Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were

guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

129. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

130. Plaintiff lacks an adequate remedy at law for the violations of California law herein described.

131. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by California Labor Code section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by California Labor Code section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiff reserves the right to amend his prayer for relief to seek

a different amount.

## Class Certification

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representative of the Class and Subclass;

4. That counsel for Plaintiff be appointed as class counsel.

## As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

## As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(c);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24.    That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25.    For all actual, consequential, and incidental losses and damages, according to proof;

26.    For premiums pursuant to California Labor Code section 226.7(c);

27.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

29.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For injunctive relief pursuant to California Labor Code section 226(h);

33.    For statutory penalties pursuant to California Labor Code section 226(e);

34.    For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

35.    For such other and further relief as the Court may deem equitable and appropriate.

///

**As to the Sixth Cause of Action**

36.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their employment;

37.    For all actual, consequential and incidental losses and damages, according to proof;

38.    For statutory penalties according to proof pursuant to California Labor Code section 210;

39.    For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

43.    For unpaid business-related expenses and such general and special damages as may be appropriate;

44.    For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due, or as otherwise provided by law;

45.    For all actual, consequential, and incidental losses and damages, according to proof;

46.    For attorneys' fees and costs pursuant to California Labor Code section 2802(c), or as otherwise provided by law; and

47.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

48.    That the Court declare, adjudge and decree that Defendants violated the following California Labor Code provisions as to Plaintiff and/or other aggrieved employees: 510 and 1198 (by failing to pay all overtime compensation); 1182.12, 1194, 1197, 1197.1, and 1198 (by failing to pay at least minimum wages for all hours worked); 226.7, 512(a), 516, and 1198 (by failing to provide all meal periods); 226.7, 516, and 1198 (by failing to authorize and permit all rest periods); 226(a), 1174(d), and 1198 (by failing to provide accurate wage statements and maintain accurate payroll records); 201 and 202 (by failing to timely pay all earned wages upon termination); 204 (by failing to timely pay all earned wages during employment); 222.5 (by failing to pay for costs of mandatory medical or physical examinations); and 2802 (by failing to reimburse business expenses);

49.    For civil penalties pursuant to California Labor Code sections 210, 226.3, 256, 558, 1174.5, 1197.1, and/or 2699(a), (f) and (g), for violations of California Labor Code sections 201, 202, 204, 222.5, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

50.    For attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), and any and all other relevant statutes, for Defendant's violations of California Labor Code sections 201, 202, 204, 222.5, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

51.    For pre-judgment and post-judgment interest as provided by law; and

52.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Ninth Cause of Action

53.    That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them,

failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, failing to pay the costs of mandatory medical or physical examinations, and failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

55.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

57.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Tenth Cause of Action

58.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

59.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

60.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

61.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

62.    For pre-judgment and post-judgment interest as provided by law; and

63.    For such other and further relief as the Court may deem equitable and appropriate.


Dated: December 1, 2022                    Respectfully submitted,

                                           Capstone Law APC


                                    By:  */s/ Daniel S. Jonathan*
                                           Bevin Allen Pike
                                           Daniel S. Jonathan
                                           Trisha K. Monesi

                                           Attorneys for Plaintiff Kenneth Chiarito

FIRST AMENDED CLASS ACTION COMPLAINT